# WELCOM MARTIN
## *v.*
# JACOB MORELOCK.

1. JURY — *of their retiring a second time, after having once agreed, to consider further of their verdict.* It is within the power of the Circuit Courts to permit a jury to retire, after having brought in a verdict in all respects formal, for the purpose of correcting an error in computation, or for the purpose of reconsidering their verdict.

2. A verdict is not considered valid and final until pronounced in open court. Either party has the right to have the jury examined by the poll before the verdict is recorded.

3. Before it is recorded, they may vary from the first offer of their verdict, and the verdict which is recorded will stand.

4. And there is no difference whether the verdict is brought in sealed, or delivered verbally, by the foreman.

5. A direction to the jury to seal up their verdict and separate, does not dispense with their personal attendance in court when the verdict is opened, and if any of them dissent, the verdict cannot be recorded.

6. It is an undoubted right of a jury to inform the court, before their verdict is recorded, that a mistake has been committed, or to ask generally, that they may be permitted to retire and reconsider their verdict, the one agreed upon not being satisfactory to them.

7. If the jury do not ask to reconsider, it would seem proper that the court, of its own motion, should direct them to retire and reconsider the verdict, on expressing their dissatisfaction with the one to which they may have ignorantly or inadvertently agreed.

8. JURY — *misbehavior — conversing with attorneys about their verdict, before it is read in court.* A jury were directed, upon the agreement of parties, to seal up their verdict and deliver it to the officer, and separate. They did so, and before the verdict was opened and read in court, a portion of the jury had conversations with the attorney of the plaintiff, in whose favor the verdict was found, in relation to it. Upon the verdict being read in court, the jury expressed their dissatisfaction with it, saying they had made a mistake in the computation of interest. They were directed to retire and consider further of their verdict, which they did, and

returned a second verdict for a larger sum. It was held, the conversations had by the jurors with the plaintiff's attorney, pending the verdict, amounted to such misbehavior on the part, both of the jurors and the attorney, as to vitiate the second verdict.

9. And it was considered immaterial, with a view to their effect upon the validity of the verdict, what the nature of those conversations was; it was sufficient that they were had.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, judge, presiding.

This was an action of assumpsit brought in the court below, by Jacob Morelock against Welcom Martin, upon two promissory notes issued by the defendant to Monheimer, Freedman & Co., and Freedman & Stern, respectively, and by them assigned to the plaintiff.

A trial was had before a jury, and upon the conclusion of the trial, it was agreed between the parties that if the jury should agree upon a verdict, they might seal the same and deliver it to the officer, and separate. The jury did agree upon a verdict for the plaintiff, for the sum of $392.40, which they sealed up and delivered to the officer, and separated after the court adjourned.

After the verdict was thus delivered to the officer, one of the attorneys for the plaintiff had a conversation with one or more of the jurors on the subject of the verdict. The next morning, upon the verdict being read in open court, the jury said they were dissatisfied with it, having made a mistake in computing interest. The court thereupon directed them to retire and consider further of their verdict. They afterward returned into court a second verdict against the defendant, for an increased amount, being for $494.97. The defendant brought the facts in relation to the conversation had with the jurors by the plaintiff's attorney, to the knowledge of the court by affidavit, and moved for a new trial upon the grounds, *first*, that the court had improperly allowed the jury to retire a second time to consider of their verdict, insisting that could be done only when the verdict was informal or insufficient; *second*, there was gross misconduct on the part of the jurors in having a con-

versation with the plaintiff's attorney concerning their first verdict, before it was read and received in court. A new trial was refused, and a judgment entered in pursuance of the second finding of the jury. The defendant thereupon took this appeal. The questions presented upon the record are the same as those involved in the grounds urged in the court below for a new trial.

Messrs. WILLARD & GOODNOW, for the appellant.

Mr. H. K. S. O'MELVENY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The errors assigned on this record, question the right and power of the Circuit Courts to permit a jury to retire, after having brought in a verdict in all respects formal, for the purpose of correcting an error in computation, or for the purpose of reconsidering their verdict.

This power, we believe, has never been questioned. A verdict is not considered valid and final until pronounced and recorded in open court. Either party has the right to have the jury examined by the poll before the verdict is recorded. Before it is recorded, they may vary from the first offer of their verdict, and the verdict which is recorded will stand. And there is no difference whether the verdict is brought in sealed or delivered verbally by the foreman. A direction to the jury to seal up their verdict and separate, does not dispense with their personal attendance in court when the verdict is opened, and if any of them dissent, the verdict cannot be received. *Rigg* v. *Cook*, 4 Gilman, 352.

This being the right of the parties, the jury have an undoubted right to inform the court, before the verdict is recorded, that a mistake has been committed, or to ask generally that they may be permitted to retire and reconsider their verdict, the one agreed upon not being satisfactory to them. If the jury do not ask to reconsider, it would seem proper the court, of its own motion, should direct them to retire and reconsider the verdict on expressing their dissatisfaction with the one to which they may have ignorantly or inadvertently agreed. The case is

not at an end until the verdict is recorded and the jury discharged, and it would be unjust to record a verdict from which the jury, in the presence of the court, dissent. The proper course was pursued by sending them back to make a verdict which would satisfy them.

It appears by the affidavit of one of the attorneys of the defendant, that after the verdict first agreed upon had been delivered to the officer, sealed up, one of the attorneys of the plaintiff had conversations with one or more of the jury on the subject of the verdict, and on the morning when the same was read in court, and after these conversations, the jury signified their dissatisfaction with the verdict, whereupon the court instructed them to retire and find another verdict, or modify the one found. The jury found another verdict, larger by near one hundred dollars than the one first found. A motion was made to set aside this verdict, which was denied, and judgment entered thereon for the plaintiff. This is assigned for error.

Whatever the nature of the conversations may have been is not material; it is sufficient they were had, and it amounts to such misbehaviour, both on the part of the counsel and the jury, as to vitiate the verdict. The conclusions to which a jury may arrive, must be the result of their own judgment, uninfluenced by any considerations addressed to them out of the jury box. Trials by jury would be of little worth, were parties or their attorneys permitted to interfere in any manner with the jurors after a case is committed to them, and they are considering their verdict. The due administration of justice, as well as public policy, requires a total isolation of the jury from the parties or their counsel when they are deliberating on their verdict. The verdict, for this interference, should have been set aside.

Another objection is made, that the jury disregarded the unimpeached testimony of McElwain, a witness called for the defendant. This witness did not speak very positively. He was detailing a conversation had with the holder of the notes sued on, and stated the amount as then claimed to be due on the notes at "about" three hundred and seventy-five dollars.

Now this may have been the principal of the notes, without regard to the interest on them. The notes themselves, with the interest, show a larger sum due than the witness stated. It was a question before the jury of the weight of evidence. The witness stated one amount, and the notes and interest on them spoke another and larger amount as due. It was for the jury to determine which ought to prevail, the statement of the witness, by no means positive as to the amount claimed, or the notes. We think the evidence furnished by the notes should prevail, and so the jury decided.

For the reasons given the judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*