PETER GODFREIDSON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. INTOXICATING LIQUOR—*sufficiency of proof.* On the trial of one on a charge of selling intoxicating liquors without a license, the proof showed the sale at the defendant's saloon of an article called "pop," and that it was a

malt liquor, and would intoxicate if taken in sufficient quantity, and that it tasted like poor beer, and was drawn from kegs like beer kegs: *Held*, sufficient to warrant a conviction.

2. CHANGING THE RECORD *during the term.* There is no error in vacating an order granting a new trial, made at the same term, and then overruling the motion for the new trial and rendering judgment on the verdict. During the term, the court has full power to correct or change any of its rulings.

3. VERDICT—*court may put same in form.* There is no error for the court, in the presence of the jury, and with their assent, and in the presence of a defendant found guilty of a misdemeanor, to cause the verdict to be put in form.

4. CRIMINAL LAW—*presence of defendant.* The presence of the defendant, on an indictment for a misdemeanor, is not necessary to the right of the court to put a verdict in form, or decide a motion for a new trial, or to vacate an order granting a new trial.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. Z. SWAN, and Mr. E. S. SMITH, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an indictment, found by the grand jury of Champaign county, against Peter Godfreidson, for selling intoxicating liquor without a license. There were twelve counts in the indictment, and the jury found him guilty on each count. A motion for a new trial was entered, and it was allowed, but the court subsequently, at the same term, set aside the order granting the new trial, and overruled the motion; and, after overruling a motion in arrest of judgment, the court adjudged that the defendant be confined in the county jail for ten days on each count, and pay a fine of twenty dollars on each count.

The record is brought here by writ of error, and various errors are assigned.

Plaintiff in error, first, insists that the evidence does not support the verdict. The testimony went to show that defend-

ant sold at his saloon, in Champaign county, an article they called "pop," but the testimony shows it was a malt liquor, and of an intoxicating quality; that it would produce intoxication, if used in sufficient quantity. It was testified that it tasted like poor beer, and was drawn from kegs like beer kegs. We think the jury were warranted in finding the liquor sold to be a malt liquor, of an intoxicating quality.

It is next urged, the court erred in vacating the order granting a new trial upon its own motion, and then overruling the motion and rendering judgment. We perceive no error in this. During the term, the record was in the breast of the court, and wholly under the control of the court, and it had full power to correct any inadvertent ruling in a cause before the cause was finally disposed of and the court adjourned.

It is next urged, the court should not have permitted the jury to put their verdict in form under the direction of the court, and that the verdict they rendered should stand as the verdict of the jury. The verdict, as rendered, was: "We, the jury, find the defendant guilty of the twelve counts." The court, in the presence of the jury, and with their assent, and in the presence of the defendant, caused the verdict to be entered as follows: We, the jury, find the defendant guilty in manner and form as charged in the indictment, on each and every one of the twelve counts in the indictment. There was no error in this. *Boynton* v. *Phelps et al.* 52 Ill. 210, and *Osgood* v. *McConnell*, 32 id. 74, are authorities in point.

It may be further said, in regard to the motion for a new trial, that the record shows the defendant was present all the time, but that was unimportant, as, in a mere misdemeanor as this was, it is not necessary the defendant should be personally present.

Exceptions are taken to the instructions. They are numerous, but we can not find any error in them sufficient to reverse the judgment, and it must be affirmed.

*Judgment affirmed.*