## Strickland Wine Co. and Andrew J. Park v. Minnie Hayes.

1. PRACTICE—*Causes on the Short Cause Calendar—Discretion.*—
When the trial of a cause on the short cause calendar occupies more
than an hour, to which such cases are entitled, it is within the discretion
of the court to stop the trial or allow it to proceed.

2. SAME—*Correction of Verdicts.*—Where a verdict returned into
court is not in the form as intended by the jury, the court may upon its
own motion direct the jury to again retire for the purpose of correct-
ing the same so as to properly give expression to their intention.

**Assumpsit,** on a promissory note. Appeal from the Superior Court
of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard
in the Branch Appellate Court at the March term, 1900. Affirmed.
Opinion filed April 16, 1901.

STIRLEN & DICKSON, attorneys for appellants.

LOWDEN, ESTABROOK & DAVIS, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.
Appellee recovered judgment on a promissory note made
by appellants, and from that judgment this appeal is taken.

There is testimony tending to show that the note in ques-
tion is one of two notes which were delivered to the payee,
Park, one of the appellants, and by him indorsed and deliv-.
ered to one R. R. Bemis. The latter gave the note in ques-
tion to appellee, who was proprietor of a hotel or boarding
house, as security for a board bill. Appellants' defense is
that the said note was executed by its president without
authority of the directors and in violation of a resolution
of the board requiring notes to be signed by the secretary
as well as the president; that the note was delivered to
Parks, the payee, with the understanding that said payee
should " take care of the paper" when due; that Parks gave
the note to said Bemis to negotiate and return the money
less his commission of five per cent; that Bemis disposed of
the note to appellee and absconded.

The first ground upon which appellant seeks reversal is
that the case was tried out of its order upon the calendar

without the "good and sufficient cause" required by section 17 of the Practice Act (R. S. Chap. 110). It appears from the bill of exceptions that the case had been put on the short cause calendar, and was "thereafter peremptorily set down for trial" by the court. It does not appear from the bill of exceptions whether the day upon which the cause was set down for trial, was or was not one of the days set apart for the short cause calendar. It is stated that the trial occupied more than the hour to which such cases are entitled, but it was within the discretion of the court to stop the trial in such event, or to allow it to proceed. It does not appear that the cause had been continued, and we may presume that it was tried upon the "short cause calendar" in the regular manner, since nothing to the contrary appears. But if it had been taken out of its order the presumption would still have to be that this was done upon good and sufficient cause unless "it is clearly shown that the court has abused its discretion in trying a suit out of its order." Morrison v. Hedenberg, 138 Ill. 22.

It is urged that the verdict and judgment are contrary to the law and the evidence. It is said that the principal conflict of testimony was upon the question whether the appellee had knowledge that Bemis was not entitled to use the note in settlement of his personal obligations, and it is contended she did have enough information to put her upon inquiry. This contention is based upon appellee's testimony that Bemis told her when he gave her the note, that he could not get the money to pay his bill, but had a note in his possession he would give her as security. She states that she then knew nothing about the Strickland Wine Company, the maker of the note, and took it, therefore, as security for Bemis' indebtedness. It appears, however, from the testimony of the president of the company, who executed the note, that he told appellee's agent who called and showed him the note, " Dr. Park's signature is there, and I have no doubt it will be paid." He did not inquire how appellee obtained it. There is also evidence tending to show that Dr. Park, the payee and indorser, told appellee's agent the

note was given in payment for spirits sold by him to the maker, and that he received the note for value; and there is testimony that this statement was corroborated by the president of the Strickland Wine Company. Appellee testifies that Bemis owed her $412 at the time she received the note, and she thereafter kept Bemis and his family, including Bemis' father, until the bill was increased to $491.75. We find no evidence in the record tending to show that appellee had sufficient reason to believe Bemis to be dishonest; or to lead her to believe that he was not the rightful owner of the note, and entitled to turn it over to her as security for the debt she was urging him to pay. At all events it is apparent that there was evidence justifying the finding that appellee received the note in good faith for a valuable consideration. Nor can we say, in view of the evidence of statements said to have been made by appellant Parks and by the president of the Strickland Wine Company, the maker of the note, when said parties knew or should have known that it had been disposed of by Bemis, that the jury would not be justified in finding that appellee had been led to believe by those statements that the note was perfectly good in her hands and legitimately disposed of to her by Bemis. The case would not have been materially different, had Bemis sold the note and received the actual money therefor, as according to appellant's testimony he was authorized to do, and then absconded with the proceeds. It could scarcely be claimed in such case that the rights of the holder could be affected by Bemis' failure to pay over to appellants or either of them the money he had received by disposing of the note in pursuance of the authority they had given him.

The jury returned a sealed verdict after adjournment of court for the day, as had been agreed upon might be done. When the verdict was opened after court convened the day following the trial, it is stated that it was discovered the verdict was against one defendant only, and thereupon the court, of its own motion, directed the jury to again retire and consider the verdict. The verdict as originally brought

Strickland Wine Co. v. Hayes.

in does not appear in the record; but a communication to the court explanatory of the first verdict shows that the jury intended originally to find against both defendants, but out of several forms of verdict given them by the court took the wrong one by mistake.   The corrected verdict was in proper form, and found the issues for the appellee.   It is evident that the correction merely gave effect to the intention of the jury, and was in reality only formal.   We find no error in the course pursued.   Martin v. Morelock, 32 Ill. 485 (487).

It is objected that appellee's counsel used improper language in his address to the jury, in which he turned to one of appellant's leading witnesses and called him a liar.   The language was, we think, unnecessarily violent, unprofessional and unduly offensive to the witness.   It was addressed to the witness, not to the jury alone.   The court might without impropriety have severely rebuked the attorney for its use.   Yet it is within the province of the lawyer, and may be his duty to his client, to point out inconsistencies and contradictions, and insist, if the circumstances warrant, that testimony is false.   In the present case there was direct conflict as to the point with reference to which the charge of falsehood was made, and it was not improper to ask the jury to disbelieve the adverse testimony.   The language here used does not in this case constitute reversible error. Yet it is none the less the duty of the lawyer not to abuse his position and under cover of his privilege as an officer of court, indulge in language to a defenseless witness, which it would not be safe, perhaps, to use under other circumstances.

Complaint is made of the admission of improper evidence, and the refusal of certain instructions asked for by appellant.   It must suffice to say that we have carefully considered these objections, and are of opinion they are not well taken.

The judgment of the Superior Court must be affirmed.