(No. 31716.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY C. ARNETT, Plaintiff in Error.

*Opinion filed January 18, 1951.*

KENNETH A. GREEN, of Mattoon, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and HUGH HARWOOD, State's Attorney, of Charleston, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of court:

Plaintiff in error, Henry C. Arnett, was jointly indicted with Billie Ray Lewis for the crime of burglary and larceny. Lewis pleaded guilty and was sentenced to the penitentiary. Plaintiff in error was convicted, after a trial by jury, and likewise sentenced to the penitentiary by the circuit court of Coles County. He sues out a writ of error to review the judgment of his conviction.

Errors relied upon as grounds for a reversal are (1) the court erred in denying a motion for directed verdict;

(2) the confessions of plaintiff in error and his codefendant were improperly admitted in evidence; (3) the court erred in permitting the jury to retire and return a second verdict.

The evidence on the part of the People was to the effect that on the night of December 23, 1949, the filling station of Harry Shores, in Mattoon, Illinois, was forcibly entered and two automobile batteries, some flashlights, and the entire stock of cigarettes were stolen. Three days later plaintiff in error and Billie Ray Lewis were arrested by State highway patrolmen at Humboldt, Illinois. The car which they had been driving, but which had broken down at that place, contained the batteries, flashlights, and cigarettes previously stolen from the filling station in Mattoon. A filling-station attendant in Humboldt testified that he saw plaintiff in error with another person at his filling station just prior to their arrest and acquired one of the batteries from them for $10. He was unable, however, to identify which of the two persons gave him the battery.

Billie Ray Lewis testified that he met plaintiff in error in the late afternoon of December 23; that they went to a tavern and drank some beer; that during the course of the evening they talked back and forth about being broke and about stealing some money; that later in the evening they went to the Shores filling station in Mattoon where he burglarized the filling station while plaintiff in error acted as lookout in the car which was parked in the alley nearby; that thereafter plaintiff in error helped him transfer the stolen articles from the back seat of the car into the rear compartment; that plaintiff in error was with him when he secured a loan of $10 for one of the batteries from a filling-station operator in Humboldt. This testimony was substantially the same as that contained in the written confession made by Lewis soon after his arrest. At that time plaintiff in error also made a written confession of his complicity in the crime and stated that Lewis's confession

had been read to him and that it was true. On the trial plaintiff in error admitted that he was present in the car when Lewis burglarized the filling station, but claimed that he was ill from drinking too much beer and knew nothing about the event until Lewis came back to the car with the stolen articles.

By his motions for a directed verdict at the close of the People's evidence, and again at the close of all the evidence, plaintiff in error raised the question of the sufficiency of the evidence to sustain a conviction of the charges contained in the indictment. (*People* v. *Chiafreddo,* 381 Ill. 214.) In a criminal prosecution the fact issues are for the jury to decide, and this court on review will not disturb the jury's finding unless the proof on which such finding is based does not meet the requirements of the law. (*People* v. *Anderson,* 375 Ill. 163.) While the People's case rested strongly on the testimony of his codefendant, Billie Ray Lewis, a conviction may be based on the evidence of an accomplice even though it be uncorroborated, if it of such a character as to convince the jury beyond a reasonable doubt of the guilt of the accused. (*People* v. *Flaherty,* 396 Ill. 304.) The evidence on behalf of the People was sufficient, if taken as true, to justify the jury in concluding that plaintiff in error was to keep watch while his accomplice, Lewis, perpetrated the crime. The weight of the evidence and the credibility of the witnesses were questions for the jury to determine, and this court will not substitute its judgment for that of the jury on those questions. (*People* v. *Switalski,* 394 Ill. 530; *People* v. *Orlando,* 380 Ill. 107.) Where the facts and circumstances in evidence show a common design, it is not necessary that each one take an active part in the commission of the crime in order to be guilty as principal. Whatever each of them did in furtherance of the common design was the act of the other and each would be equally guilty of the crime. *People* v. *Powers,* 293 Ill. 600.

At 2:00 P.M. on December 28, 1949, about three days after his arrest, Billie Ray Lewis, codefendant of plaintiff in error, signed a written confession in which he stated substantially the same facts as those testified to by him later at the trial. About an hour afterward plaintiff in error also signed a written confession in which he stated that the confession of his codefendant had been read to him and that it was correct; that he went to the Shores filling station on the night of December 23, 1949, with Billie Ray Lewis; that Lewis parked the car back of the station and that plaintiff in error was to let Lewis know if anything occurred while he was in the Shores station; that they had talked about being broke and in need of money and that he knew or had the idea that Lewis was to break into the station; that he saw Lewis with the batteries and a sack full of other articles; that he took some cigarettes from the sack; that he held the car door while the stolen articles were placed in the car; that he was present when Lewis got $10 for one of the batteries at a filling station in Humboldt; and that he and Lewis were together in Humbolt when they were arrested by State police.

Plaintiff in error now contends it was error for the court to admit his confession in evidence. It is urged that the confession was not voluntarily given because mention was made by the State's Attorney of a prior offense which had not been prosecuted and plaintiff in error was afraid of receiving a fifteen-year sentence for the old offense. Error is further assigned on the grounds that all of the persons present at the taking of his confession did not testify concerning the circumstances under which the confession was obtained.

At the trial two witnesses, who were present when the confessions of plaintiff in error and his codefendant were obtained, testified that plaintiff in error had not been threatened or promised anything to induce him to confess; that

he was told that he did not have to make any statement; and that his confession was freely made after he had been fully advised as to his constitutional rights by the State's Attorney. After these two witnesses had testified, the confessions of both plaintiff in error and his codefendant were offered in evidence. Objection was then made to the admissibility in evidence of the confessions by counsel for plaintiff in error. The court permitted the jury to retire and, out of the presence of the jury, the same two witnesses who had previously testified reiterated their statements that the confessions had been freely and voluntarily made without being induced by threats or promises of any kind.

Plaintiff in error did not testify at the preliminary hearing, out of the presence of the jury, and no evidence of any kind was offered to show the court that the confession of either defendant had not been freely and voluntarily given. There was nothing at this point in the trial to indicate to the court that the defendant was making any direct claim that his confession had been obtained by threats, promises, or any inducement whatsoever. There being nothing before the court to challenge their competency the confessions of both defendants were admitted in evidence. The People then rested their case. It was not until plaintiff in error appeared before the jury as a witness in his own defense that he claimed that he signed the statement because the State's Attorney had mentioned to him that he had been in trouble before and that he was afraid that he might have to spend fifteen years in prison. In direct contradiction of his own claim, however, plaintiff in error testified, on direct examination, that the State's Attorney told him that he did not have to talk, that the constitution gave him the right to remain silent, and that there was no mention of leniency made to induce him to sign his confession.

The record discloses that, at the time the confessions were admitted in evidence, there was no evidence of any

kind before the court from which it could be concluded that any threat or promise had been made to plaintiff in error; and, further, that after plaintiff in error had testified, the question of the competency of his confession was not again presented to the court for a ruling. Under the facts and circumstances appearing in evidence, the court did not err in admitting the confessions in evidence. *People* v. *Knox*, 302 Ill. 471.

When the jury returned with its verdict it appears that the jurors had signed the instructions containing the forms of verdict given them by the court instead of writing their verdict on a separate sheet of paper as directed. These instructions on a single sheet of paper contained a form for a verdict of guilty and likewise one for a verdict of not guilty. As returned by the jurors in the first instance their names were signed at the bottom of the sheet and beneath the form to be used in case the jury found the defendant not guilty. The court then asked the foreman of the jury whether they found the defendant guilty or not guilty and he immediately stated that the jury had found the defendant guilty and the other jurors acquiesced in this statement. The court then told the jurors it was necessary that they write their verdict on a separate sheet of paper as he had previously instructed them, whereupon they retired to the jury room in custody of two sworn bailiffs and in about ten minutes, still in the custody of the two bailiffs, came into the court room, took seats in the jury box and the verdict which was entered by the court was read to the jury by the judge and he asked the jurors if that was their verdict and each said it was.

The verdict thus returned found the plaintiff in error guilty of burglary and larceny in manner and form as charged in the indictment and found him to be 23 years of age. The clerk of the court polled the jury and each juror verified the verdict of guilty. The plaintiff in error and his counsel were present at all times during the pro-

ceedings having to do with the verdict. The verdict as first returned was not in proper form and was insufficient to authorize the court to enter a judgment on the verdict. It was not error to permit the jury to retire and amend its verdict by putting it in proper form. *Schmidt* v. *Chicago City Railway Co.* 239 Ill. 494, 501; *Consolidated Coal Co.* v. *Maehl,* 130 Ill. 551, 558; *Martin* v. *Morelock,* 32 Ill. 485. See also *People* v. *Davidson,* 240 Ill. 191; *Godfreidson* v. *People,* 88 Ill. 284; *Strickland Wine Co.* v. *Hayes,* 94 Ill. App. 476.

Finding no error in the record, the judgment of the circuit court of Coles County is affirmed.

*Judgment affirmed.*