WENDELL BUCHHOLZ et al., Plaintiffs-Appellees, v. THOMAS HARTZELL et al., Defendants-Appellants.

(No. 69-115; 

Fifth District—February 3, 1971.

Reed, Armstrong, Gorman and Coffey, of Edwardsville, for appellants.

Sam S. Pessin, of Belleville, for appellees.

Mr. JUSTICE MORAN delivered the opinion of the court:

Defendant Bill Brake appeals from an order of the Circuit Court of St. Clair County setting aside a jury verdict in favor of Brake and against plaintiffs Wendell and Linda Buchholz and entering a judgment *nunc pro tunc* in favor of both plaintiffs and against both defendants Brake and Hartzell.

Plaintiffs brought this action against co-defendants to recover for personal injuries received in a four-car collision allegedly caused by

co-defendants' negligence. Plaintiffs were traveling north on a two-lane highway. Brake was behind them and a car driven by one Davis was ahead of them. Hartzell was traveling in the southbound lane. As Hartzell came upon the line of cars he crossed over the center line, clipped the Davis car and collided head-on with plaintiff's vehicle in the northbound lane. Brake was unable to stop and collided with the rear of plaintiff's vehicle. For purposes of this appeal defendant Brake admits that there was sufficient evidence to make his liability a question of fact for the jury.

The jury returned a verdict in favor of both plaintiffs against both defendants in amounts of $3500.00 for Wendell Buchholz and $1500.00 for Linda Buchholz. Directly under the assessment of damages it had written: "The jury recommended that Mr. Hartzell be assessed 75% of recommended damages and Mr. Brake be assessed 25%." The court immediately noted that this recommendation was improper and initially indicated that it would be disregarded. Brake's attorney then requested to poll the jury. Without ruling on this request the trial court, believing the jury were confused, reinstructed the jury without objection. After nearly one hour of deliberation the jury returned the following verdict:

"We, the Jury, find the issues in favor of the following Plaintiffs:
Wendell Bucholz
Linda Bucholz
and against the following defendants:
Thomas Hartzell.
We, the Jury, assess the plaintiffs' damages as follows:
Wendell Bucholz—$3500.00
Linda Bucholz—$1500.00
We, the Jury, find the issues against the following Plaintiffs:
Wendell Bucholz
Linda Bucholz
and for the following defendants:
Bill Brake."

The court then read the verdict to the jury and asked if anyone wanted to poll the jury whereupon the attorney for Hartzell asked, "Is that your verdict against only the one defendant, Hartzell?", to which each juror responded, "Yes," and the attorney for Brake withdrew his motion for mistrial.

On post-trial motions by plaintiffs and Hartzell, the trial court set aside the jury verdict against only Hartzell and, disregarding the jury recommendations concerning apportionment of plaintiffs' damages between defendants as surplusage, entered judgment on the original jury finding in favor of plaintiff and against both defendants. Brake's post trial

motion for reversal of this order or in the alternative for a new trial was denied.

Brake contends that the court erred in setting aside the second "verdict" and in entering judgment on the first "verdict." He argues that he has an absolute right to poll the jury on its verdict and that since the poll of the jury was not conducted as to the first "verdict", no judgment may validly be entered upon it where he has not waived his right. He also argues that the court acted properly when, in view of the confusion of the jury and the lack of objection by any counsel, it rejected the first "verdict" and instructed the jury to redeliberate, and that the second "verdict" manifested the true intent of the jury as evidenced by the jury poll so that a valid judgment could be entered only on that verdict.

Plaintiffs argue that the intent of the jury was clear in their first finding against both defendants, that the trial court could have disregarded the jury recommendation as surplusage and properly entered judgment against both defendants, that Brake has waived his right to poll the jury by requesting a mistrial and failing to request a poll on the second jury finding, and therefore the first "verdict" was valid and the court had the power to correct its own error by disregarding the recommendation as surplusage and entering judgment on the first finding.

■■ Initially, it is clear that defendant Brake had an absolute right to poll the jury and unless he has waived that right, no judgment may validly be entered on that verdict. In this case attorney for Brake was not permitted to poll the jury upon its first "verdict" and his subsequent conduct cannot be construed as a waiver in view of the action of the court in accepting the verdict in favor of plaintiffs against only Hartzell and the conduct of a poll by attorney for Hartzell. Consequently, it was error for the trial court to enter judgment against Brake on a verdict on which he was not permitted to poll the jury when he had requested to do so and had not waived his right.

We believe that it was also error for the trial court to set aside the second "verdict." In *Martin v. Morelock*, 32 Ill. 485, where the question of the right and power of the circuit court to permit a jury to retire after having brought in a verdict for the purpose of correcting an error in computation or for the purpose of reconsidering their verdict was considered, our Supreme Court stated at 487-88:

■■■ "This power, we believe, has never been questioned. A verdict is not considered valid and final until pronounced and recorded in open court. Either party has the right to have the jury examined by the poll before the verdict is recorded. Before it is recorded, they may vary from the first offer of their verdict, and the verdict which is recorded will stand. * * *

■▮■ This being the right of the parties, the jury have an undoubted right to inform the court, before the verdict is recorded, that a mistake has been committed, or to ask generally that they may be permitted to retire and reconsider their verdict, the one agreed upon not being satisfactory to them. If the jury do not ask to reconsider, it would seem proper the court, of its own motion, should direct them to retire and reconsider the verdict on expressing their dissatisfaction with the one to which they may have ignorantly or inadvertently agreed. The case is not at an end until the verdict is recorded and the jury discharged, and it would be unjust to record a verdict from which the jury, in the presence of the court, dissent. The proper course was pursued by sending them back to make a verdict which would satisfy them."

(See also *Schmidt v. Chicago City Ry.*, 239 Ill. 495.) We believe that this still represents the law in Illinois.

■■ The record in this case discloses that the trial court believed that the jury were confused by the verdict forms and the effect of their verdict. In view of the confusion of the jury and the lack of objection by counsel for any party, it reinstructed the jury and had them reconsider their verdict. Under these circumstances, this action of the trial court was not an abuse of discretion.

■■ When the jury returned with its second "verdict" and the verdict form was finally completed and the jury polled, the record affirmatively shows that the intent of the jury was to render a verdict against Hartzell, only. This was the final verdict rendered by the jury and accepted and recorded by the trial court. The jury's manifest intent to render a verdict against only Hartzell must be construed as a rejection of their first finding against both defendants and, as stated in *Martin v. Morelock, supra*, "it would be unjust to record a verdict from which the jury, in the presence of the court, dissent."

The rule urged by plaintiffs that a verdict may be amended by the court in accordance with the manifest intent of the jury (*Handelman v. Schwartz*, 17 Ill.App.2d 101) has no application in this case since the action of the trial court did not conform to the intent of the jury as evidenced by their final verdict and poll.

Accordingly, the order of the Circuit Court of St. Clair County setting aside the verdict in favor of Brake is reversed. This case is remanded to the Circuit Court of St. Clair County for proceedings not inconsistent with this opinion.

Reversed and remanded.

EBERSPACHER and SIMKINS, JJ., concur.