THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DEREK WHITE, Defendant-Appellant.

First District (3rd Division)   No. 63030

Opinion filed September 28, 1977.

Howard T. Savage and Patricia Unsinn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Larry L. Thompson, and Paul E. Kelly, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

Derek White was tried by a jury, convicted of armed robbery and sentenced to a term of 7 to 12 years. He was found guilty upon the testimony of two persons, the store owner who was robbed and Rydell Johnson, a store employee who saw two men leaving the premises after the robbery. Both the store owner and Johnson identified White as one of the robbers.

White testified in his own defense, denying he ever had been in the store. On cross-examination, he testified that on the morning of the robbery he did not work or go to school, but remained at home. He remembered the date because he drove his mother to his niece's birthday party in the afternoon. He also testified on cross-examination, without objection by his own counsel, that he made no statement to the police when he was taken into custody because he knew nothing about the robbery.

Defendant complains of several trial errors, three of which require reversal and remand for a new trial. Because the other trial procedures complained of are not likely to recur in a new trial, it is not necessary to consider them on this appeal.

First, on cross-examination the defendant was asked if at any time prior to giving his trial testimony he told the police about being at a birthday party for his niece on the day of the robbery. After his counsel's objection to this question was overruled, the defendant answered that he never had said anything about the birthday party to the police.

■■ It is not proper for the State to bring out on cross-examination the silence of an accused during custodial interrogation. Nor is it proper for the State to develop on cross-examination that a witness who remained silent during custodial interrogation had not told the police about matters he testified to at trial. Requiring a defendant to testify concerning his failure to make disclosures to the police is inconsistent with fifth and fourteenth amendment rights. *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240; *United States v. Hale* (1975), 422 U.S. 171, 45 L. Ed. 2d 99, 95 S. Ct. 2133; *People v. Suggs* (1977), 50 Ill. App. 3d 778, 365 N.E.2d 1118; *People v. Robinson* (1976), 44 Ill. App. 3d 447, 358 N.E.2d 43; *People v. Patterson* (1976), 44 Ill. App. 3d 894, 898, 358 N.E.2d 1164;

*People v. McClure* (1976), 42 Ill. App. 3d 952, 356 N.E.2d 899; *People v. Monaghan* (1976), 40 Ill. App. 3d 322, 326, 352 N.E.2d 295.

While acknowledging it is improper for the State to mention a defendant's post-arrest silence, the State argues here that its objectionable question could not have affected the outcome of the trial. The State reasons that since the robbery occurred in the morning, while the post-arrest silence related to defendant's activities in the afternoon after the robbery had already occurred, the evidence establishing defendant's failure to tell the police of his activities on the afternoon of the robbery related to an immaterial time period.

■■ Defendant's testimony on cross-examination was that he was at home during the time of the robbery. On further cross-examination, defendant testified he was able to recall his whereabouts during the morning of the robbery because that was the date of his niece's birthday party which he attended. Thus, defendant's activities during the afternoon of the robbery relate to his alibi defense. Bringing defendant's post-arrest silence on this evidence to the attention of the jury may have influenced the jury to disbelieve defendant's testimony that he was at home when the robbery occurred.

This case is unlike *People v. Anderson* (1977), 46 Ill. App. 3d 607, 360 N.E.2d 1371, where reference to defendant's post-arrest silence was held harmless beyond a reasonable doubt. In that case, there was positive identification by the robbery victims, unassailed police officer testimony concerning defendant's flight, and apprehension of the defendant with the stolen property in his possession. Here the evidence of guilt consisted solely of the identification testimony of the store owner and his employee, Johnson. Crucial to the jury's determination was the credibility of the State's two witnesses as opposed to the defendant. The jury had to decide whether it believed the store owner and Johnson or whether it believed the defendant. The two lines of testimony were contradictory and unimpeached and there is no possible way of determining the extent to which the improper question caused the jury to disbelieve the defendant. *Suggs.*

Even the prosecutor did not appear to believe that defendant's failure to tell the police about his attendance at the birthday party would not affect the outcome of the case. If the prosecutor believed the question was as irrelevant and innocuous as the State now contends, it is doubtful that his closing argument would have emphasized that an innocent man would have told the police of his whereabouts on the day of the robbery and called in witnesses to support his story.

■■ During oral argument in this court, the State contended that since White during his cross-examination testified that on his arrest he told the police he neither had robbed nor ever been in the store, the State's inquiry

into White's failure to disclose his attendance at the birthday party was proper. The State appears to be arguing that where a defendant upon arrest offers a denial of guilt without more, any subsequent failure to disclose exculpatory information may be used for impeachment purposes. This is incorrect in the light of *Doyle*. The fifth amendment allows an accused to deny guilt, while at the same time withholding any defenses without that silence being available to impeach him. See *Robinson*, at 450.

■■ The State contends defendant waived this issue by failing to object when the prosecutor relied upon it in his closing argument and by not including the issue in his written post-trial motion. As in *People v. Rutledge* (1977), 45 Ill. App. 3d 779, 782, 359 N.E.2d 1233, the issue was sufficiently raised when defense counsel objected to the question on cross-examination. Once a valid objection is overruled, there is no reason why Illinois Supreme Court Rule 615, relating to this court's authority to note plain errors or defects not brought to the attention of the trial court, should not be applied to any use made of evidence which should have been excluded.

■■ Second, Johnson volunteered on his cross-examination that he was given a lie detector test by the police after the robbery and before defendant's arrest. The trial judge carefully excluded testimony offered by the State concerning the result of the test. In his closing argument, defense counsel suggested that Johnson had arranged the robbery, and the prosecutor responded in his final argument by stating Johnson was never charged with the crime because he passed the lie detector test. The prosecutor's statement concerning the results of the polygraph test was allowed to stand over defendant's motion for a mistrial. The gratuitous information furnished by the prosecutor to the jury regarding the result of the test was improper. (*People v. Zazzetta* (1963), 27 Ill. 2d 302, 189 N.E.2d 260; *People v. York* (1975), 29 Ill. App. 3d 113, 119, 329 N.E.2d 845.) The results of a polygraph examination are usually not admissible in evidence, and there was no need to refer to the results here.

While the rule annouced in *Zazzetta*, which prohibits inquiring of the defendant if he had been offered a polygraph examination, does not purport to deal with the same type of question asked of a witness who is not a defendant, the rationale found in that decision is applicable to this issue. The fact the prosecutor's statement was not directed at defendant's innocence or guilt but to the credibility of a prosecution witness does not lessen its impact. In *York*, the prosecution submitted evidence that the two complaining witnesses had undergone polygraph examinations, raising the implication that if the results, which were not admitted, showed the witnesses were untruthful, the case would not have been prosecuted. The court reversed the conviction, holding the admission of

this evidence error. In this case, Johnson was an important witness, and defendant's attempt to discredit him was improperly hampered by the information the prosecution voluntarily offered concerning the polygraph result. This was significant given the nature of the evidence in the case; the improper remark may have influenced the jury in deciding whether to believe the store owner and Johnson or to believe defendant. See *Rutledge*, at 783.

The prosecutor's response cannot be regarded as one provoked by defendant's closing argument. Although his counsel, as pointed out above, tried to implicate Johnson in the robbery, he did not refer to the lie detector test in his closing argument.

The prosecutor's statement regarding the result of the lie detector test was not based on any evidence, and in arguing a fact outside the record, the prosecutor supplied the jury with his own unsworn testimony, instead of competent evidence. (*Patterson*, at 896.) In addition, the statement was egregious because no evidence was introduced as to the testing procedure followed, the qualifications of the operator, the reliability of the results or even what questions Johnson was asked in the lie detector test.

■■ Third, evidence of White's previous conviction for robbery was properly admitted in evidence. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) But, in his closing argument, the prosecutor erred in using the prior conviction to argue that defendant had a propensity to commit robbery, rather than to attack the defendant's credibility, the purpose for which the prior conviction was properly admitted.

Because of these prosecutorial errors, the conviction is reversed, and this case is remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

JIGANTI and McGILLICUDDY, JJ., concur.