*In re* S. L. C., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* S. L. C., Respondent-Appellant.)

First District (5th Division)   No. 78-1019

Opinion filed August 24, 1979.

Ralph Ruebner and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and Thomas Bucaro, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Based upon a finding by the juvenile court that he had committed voluntary manslaughter, respondent was adjudicated a delinquent and committed to the Department of Corrections. The sole issue presented for review is whether the prosecutor's cross-examination of respondent improperly elicited evidence of his pretrial silence.

It appears that on a March evening, respondent and two companions confronted McKinley Madison and his brother Lee in the stairwell of an apartment building. At the adjudicatory hearing, Lee testified that respondent told McKinley, "I could go ahead and beat you up"; whereupon, he (McKinley) pushed respondent against a wall. The two companions then took hold of McKinley and, while restraining him, they urged respondent to use his knife. Lee then observed respondent stab McKinley, who later died as the result of two knife wounds in the chest.

Shortly after the occurrence, two Chicago police officers arrived at

respondent's home and read him the *Miranda* warnings. One of those officers testified that after stating that he understood his rights, respondent admitted stabbing McKinley.

Respondent testified that after they met in the stairwell, McKinley threw him down the stairs and struck him—following which McKinley lunged at him and, in doing so, impaled himself on a knife which' respondent had been holding in his hand. During the course of cross-examination, the following colloquy occurred:

"Q. Sammy, did you tell the police what happened?

A: No.

Q: Did you tell the police anything?

DEFENSE COUNSEL: I'm going to object and [sic] comment on the Constitutional Rights.

PROSECUTOR: It's perfectly acceptable cross examination, your Honor, for impeachment purposes.

THE COURT: The last answer may stand.

PROSECUTOR: The next question is: Did he tell the police— Strike that. I will rephrase the next question.

Q: Did you say or ever tell the police at any time what happened that night with McKinley Madison?

A: No.

Q: You never told the police that you stabbed McKinley, is that correct?

A: I told them that.

Q: You did? Did you tell the police who was with you at the time?

A: Yes."

OPINION

Respondent contends that the prosecutor in cross-examining him elicited evidence of his pretrial silence and thereby denied him due process of law. We cannot agree.

■■ An accused may not be impeached by his silence at the time of arrest (*Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240) because, after being apprised of the *Miranda* warnings, "his failure to offer an explanation during the custodial interrogation can as easily be taken to indicate reliance on the right to remain silent as to support an inference that the explanatory testimony was a later fabrication." (*United States v. Hale* (1975), 422 U.S. 171, 177, 45 L. Ed. 2d 99, 105, 95 S. Ct. 2133, 2137.) Moreover, one who gives only a partial explanation regarding the incident and then testifies at trial to a more complete version without stating that he gave the latter version to the police, cannot be cross-examined in a manner which would reveal his omissions of detail in the

earlier statement. *(People v. White* (1977), 53 Ill. App. 3d 326, 368 N.E.2d 660; *People v. Robinson* (1976), 44 Ill. App. 3d 447, 358 N.E.2d 43.) However, while the accused's right to silence, whether in regard to the entire incident or details thereof is constitutionally protected, his trial testimony may be impeached by prior inconsistent statements. *People v. Rehbein* (1978), 74 Ill. 2d 435, 386 N.E.2d 39; *People v. Queen* (1974), 56 Ill. 2d 560, 310 N.E.2d 166.

Relying upon *Robinson,* respondent argues that his trial testimony concerning the manner in which McKinley impaled himself on his (respondent's) knife is detail which elaborates upon his admission to police that he stabbed McKinley and that his pretrial silence as to such detail may not be adduced or commented on at trial. In *Robinson,* police officers arriving on the scene observed the accused walking away from the victim with a gun in his hand and, after being informed of the *Miranda* rights, he admitted shooting the deceased but refused to comment further. At trial, he testified that he had acted in self-defense. There, we held that cross-examination which elicited defendant's failure to inform the police that he had acted in self-defense, coupled with the prosecutor's subsequent comment upon such omission, denied the accused due process of law.

Here, respondent testified that as McKinley lunged toward him, he felt something hit the knife which he (respondent) held in his hand. Turning his head, respondent observed McKinley impaled upon the knife. Unlike the accused in *Robinson,* who at all times admitted the voluntary use of a weapon but remained silent as to the motivation underlying the use of such weapon, respondent here first told the police he had stabbed McKinley; but, at trial, he testified that McKinley by his own actions impaled himself upon a knife held immobile in respondent's hand and that he (respondent) was unaware of what had transpired until he turned and observed McKinley lying on the knife. Under the circumstances, we believe that respondent's testimony at trial was inconsistent with, rather than an elaboration upon, his admission to police and, accordingly, that the prosecutor's questioning which was tailored to elicit a prior inconsistent statement was proper impeachment. As respondent's answer revealed only the prior inconsistent statement, we cannot say that consideration of such evidence denied him due process of law.

For the reasons stated, the judgment appealed from is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.