THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY PATTERSON, Defendant-Appellant.

First District (1st Division)    Nos. 61149, 62043 cons.

Opinion filed December 6, 1976.

Marshall R. Weinberg, of Reilly, Bell & Weinberg, of Chicago (Frederick F. Cohn, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a jury trial, Larry Patterson (defendant) was found guilty of armed robbery (Ill. Rev. Stat. 1971, ch. 38, par. 18—2), and sentenced to 5 to 15 years. Defendant has appealed.

In this court, defendant contends that he was not proved guilty beyond a reasonable doubt because the alibi evidence was strong and the identification was defective. He also asserts that he was denied a fair trial as a result of several prosecutorial errors during cross-examination and final argument, including violations of the privilege against self-incrimination and comments on matters not in evidence, and that he was prevented from demonstrating the bias of a witness for the People.

The People urge that the identification was positive and the alibi evidence was insufficient to raise a reasonable doubt of guilt, and defendant was not denied a fair trial because the challenged final argument was based on the evidence or given in response to defendant's argument and any prejudicial effect was cured by the court. The State

further denies that defendant's right to remain silent was infringed and denies that any prejudice resulted from the court's refusal to permit the alleged evidence of bias of the witness.

At trial, two ticket counter employees identified defendant as the man who had robbed an airline office at gunpoint on the afternoon of October 23, 1971. Defendant testified that he was employed as a furniture mover on the date of the crime and had helped to move three families that day. He also testified that, after a guilty plea, he had been previously convicted of robbery and had served time in the penitentiary. He testified that he had never been convicted of any other crime. A truck driver testified that on the date of the armed robbery, between 7:30 a.m. and 8 p.m., he, defendant and a third man had moved three households and defendant had not left his presence during that time. Moving company records tended to show that defendant had received three moving assignments on October 23, 1971, but this was a subject of dispute. Further summary of the evidence, or expression of any opinion thereon, is neither necessary nor appropriate in view of our conclusion that the conviction must be reversed and the cause remanded because grossly improper final argument and prejudicial cross-examination by the prosecutor resulted in denial of a fair trial. See the cases cited in *People v. Monaghan* (1976), 40 Ill. App. 3d 322, 323, 352 N.E.2d 295.

■■ The record before us reflects multiple violations of the fundamental principle that statements of fact not based upon the evidence may not properly be argued before a jury (*People v. Beier* (1963), 29 Ill. 2d 511, 517, 194 N.E.2d 280; *People v. Johnson* (1976), 35 Ill. App. 3d 666, 668, 341 N.E.2d 443). In arguing beyond the record, a prosecutor, in substance, introduces his own unsworn testimony in lieu of competent evidence. (*People v. Vasquez* (1972), 8 Ill. App. 3d 679, 681, 291 N.E.2d 5.) This type of argument must be strongly condemned if we are to perpetuate a fair and impartial administration of criminal justice.

During rebuttal argument, one of the assistant State's Attorneys, in charging that defendant's alibi had been recently fabricated, stated:

> "Well, the police cannot check an alibi, when he never tells them about it for over three years. * * * Do you wait for over three years and then spring it during the middle of trial, and then turn around and have the gall to say why didn't the police check it in March [when defendant was arrested]? He [*sic*] reason they didn't check it in March was because he didn't tell them about it in March.
>
> MR. HOWARD [defense attorney]: Objection. There is no evidence of that. Objection."

The assistant State's Attorney then added: "And the reason he didn't tell them about it was because it didn't exist in March." The court sustained

the objection and struck "the last part of that phrase." In spite of the objection, and the action promptly taken by the trial judge, the prosecutor persisted: "All right, not having told them about it in March—." At this point, another objection was sustained.

■■ This portion of the argument was clearly beyond the record and any legitimate inferences that could be drawn from it. The sole evidence bearing on the prosecutor's assertion was defendant's testimony that after his arrest he had a conversation about the robbery with a policeman. The substance of that conversation does not appear in the record. The argument that defendant failed to inform the police of his alibi was thus outside the record, inflammatory and wholly unwarranted. In addition, even if these remarks had been supported by the record, we have serious doubts that they would have been proper. The United States Supreme Court, without reaching the constitutional issue raised by the privilege against self-incrimination, has noted that a defendant's silence while in custody may be insolubly ambiguous and the prejudicial effect of this fact upon the jury may outweigh its probative value. (*United States v. Hale* (1975), 422 U.S. 171, 45 L. Ed. 2d 99, 95 S. Ct. 2133.) This principle was recently cited with approval in *People v. Wright* (1975), 32 Ill. App. 3d 736, 742, 336 N.E.2d 18, where this court refused to classify the error as harmless.

■■ The State's Attorney continued far outside the record in a similarly prejudicial manner when he argued: "How about the preliminary hearing in front of Judge Sulski? Do you think he mentioned it [the alibi] then? I mean, now we are in the courtroom. * * * We are talking about now, being in a courtroom, with the lawyer, his own lawyer. Where is the alibi then? Nowhere, no mention of that alibi." The record contains no testimony concerning defendant's participation in any preliminary hearing. This argument was grossly improper. In addition, defendant was not required to present his defenses at the preliminary proceedings. (*People v. Bonner* (1967), 37 Ill. 2d 553, 557, 229 N.E.2d 527.) A preliminary hearing may be terminated once probable cause has been established. (37 Ill. 2d 553, 560.) Although no objection was made to this argument, it patently served only to curtail the opportunity for a fair appraisal of defendant's alibi evidence by the jury. It was definitely unfair and prejudicial. This court may and should consider "error relating to seriously prejudicial arguments of counsel, even though no objection was made at trial." (*People v. Young* (1975), 33 Ill. App. 3d 443, 447, 337 N.E.2d 40, and cases there cited.) This is particularly true where the error, not objected to, is but one of a series of repeated and seriously prejudicial acts of misconduct in cross-examination and final argument to which proper objections were made.

■■ The State contends that the comments about defendant's failure

to assert his alibi were legitimate response to specified portions of defense counsel's final argument. We have examined these cited sections of the defense argument and find that they contain a review of the alibi evidence and a statement by defense counsel that if he were charged with an offense occurring five or six months ago, all he could do would be to present evidence of his whereabouts on the day of the crime. We are unable to conclude that the prosecutor's remarks were invited by defense argument.

Regarding the comments on defendant's silence, we have limited our review to the prejudice flowing from the State's Attorney's reliance upon matters not in evidence. We do not reach or consider the possible significance on constitutional grounds of the use for impeachment purposes of defendant's failure to assert his alibi after his arrest or at the preliminary hearing. These issues are not raised by the record before us. Whether such evidence would be constitutionally permissible on retrial of this case depends in part on several facts, not present here, such as the substance of defendant's conversations with the police and whether *Miranda* warnings had actually been given. See *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240.

The prosecutors persisted in this pattern of prejudicial argument unsupported by the record. During rebuttal, one of them commented:

"You learn things after you have been convicted of a robbery once, after you have been arrested for armed robbery, and convicted of various—

MR. HOWARD: Objection, move for a mistrial.

THE COURT: The objection is sustained. The jury will be instructed to disregard that last comment."

These prejudicial remarks served to accentuate previous misconduct of the same type. During cross-examination, one of the assistant State's Attorneys asked defendant whether his prior conviction was for armed robbery. The court, on defense counsel's objection, ordered the question stricken. Later, during the same examination, this same prosecutor began a question, "Having been to the penitentiary for armed robbery, didn't—." The court then sustained a defense objection and denied a motion for mistrial. The able trial judge, vigorously and with commendable competence, cautioned the jury that the defendant had not been imprisoned for armed robbery but rather for robbery. The prosecutor then apologized for his remarks, calling them "unintentional." The prosecutor's contrition, however, was quite temporary. During defendant's surrebuttal, while cross-examining defendant, the prosecutor again referred to defendant's prior conviction by asking, "The offense also involved a gun, did it not?" The trial court immediately ordered the remark stricken and instructed the jury to disregard it.

■■ During the State's final argument, one of the prosecutors told the

jury: "That's the same defendant that gets right up on the stand and says, well, yes, I did time for armed robbery, but I sure would like you to believe me now." An objection to this remark was then sustained. We conclude that this statement and the later reference during rebuttal to an arrest for armed robbery as above set out are indicative of an intentional lack of regard for the rulings and admonitions of the trial court. Substantial and repeated prejudicial insinuations, made over defense objections which are sustained, cannot be condoned and bolster the conclusion that defendant was denied a fair trial. *Cf. People v. Hawkins* (1975), 61 Ill. 2d 23, 28, 329 N.E.2d 221.

In our opinion, when read in context, the prosecutor's assertion that defendant had been "convicted of various—" can have possible reference only to previous convictions of various crimes. Defendant was entitled to have his guilt or innocence determined solely with reference to the crime charged and argument which attributed to him previous convictions of "various" offenses unrelated to that crime, without basis in the record, was severely prejudicial. (See *People v. Brown* (1972), 3 Ill. App. 3d 1022, 1025, 279 N.E.2d 765. See also *People v. Weathers* (1975), 62 Ill. 2d 114, 120, 338 N.E.2d 880.) In *People v. Dukes* (1957), 12 Ill. 2d 334, 146 N.E.2d 14, the prosecutor suggested that defendant had a prior record by improperly stating that he had used an alias. The court concluded that these remarks were prejudicial, noting: "In a sense it was more damaging than proof of other specific criminal offenses because it left the jury to speculate upon the insinuation that the defendant had a prior record without stating what it was." 12 Ill. 2d 334, 342.

■■ In the case before us, the jury was left, in effect, with an open-ended statement that defendant had been convicted of various offenses. The way was thus cleared for speculation that he had committed various other crimes and was tantamount to describing him as an habitual criminal. Such insinuations have been condemned as severely prejudicial. (*Cf. People v. Weathers* (1975), 62 Ill. 2d 114, 120-21.) Further, these remarks were not directed at defendant's credibility. Generally, evidence of the commission of other crimes in support of guilt is "sufficiently prejudicial to constitute reversible error." (*People v. Spencer* (1972), 7 Ill. App. 3d 1017, 1021, 288 N.E.2d 612. See also *People v. Cage* (1966), 34 Ill. 2d 530, 533, 535, 216 N.E.2d 805.) It follows that accusations during final argument that defendant committed other offenses without any such evidence in the record could not be measurably less harmful. The impact of this argument was not sufficiently softened by sustaining of counsel's objections or by the prompt admonition by the trial court to the jury that they disregard "that last comment." *Cf. People v. Brown* (1972), 3 Ill. App. 3d 1022, 1025.

Immediately following this occurrence, the assistant State's Attorney continued: "Thank you, Judge. We will not reduce this charge. He got a

break once, and he doesn't deserve it again." Taken in context with the immediately preceding remarks, this comment suggested that defendant had been previously arrested and charged with armed robbery but that this charge had been reduced so that defendant was convicted only of robbery. These assertions were wholly unwarranted and served to deepen the improper impression, not justified by the evidence that defendant had been previously granted unwarranted and undeserved leniency.

The impact on this appeal of the several errors and repeated errors which we have found to have been prejudicial is governed by well-settled principles. Improper remarks during closing argument deny defendant a fair trial and constitute reversible error when they result in substantial prejudice (*People v. Nilsson* (1970), 44 Ill. 2d 244, 248, 255 N.E.2d 432, *cert. denied*, 398 U.S. 954, 26 L. Ed. 2d 296, 90 S. Ct. 1881); and thus operate as a material factor in the conviction (*People v. Dukett* (1974), 56 Ill. 2d 432, 443-44, 308 N.E.2d 590, *cert. denied*, 419 U.S. 965). The reviewing court must determine whether the verdict could have been otherwise if the objectionable remarks had not been made. *People v. Davis* (1970), 46 Ill. 2d 554, 560, 264 N.E.2d 140.

■■ In this case, we are unable to conclude with reasonable certainty that the jury would have convicted the defendant absent the multiple and repeated prejudicial errors appearing on this record. In essence, as the trial developed the jury was required to compare the strength and credibility of the identification testimony with the credibility of the alibi evidence. The identification aside, no other evidence linked defendant to the crime. Defendant's credibility was a crucial element in the presentation of his alibi testimony. The credibility of the alibi defense, especially the testimony of the truck driver, that he had been with defendant the entire day of the crime, depended on the jury's fair determination of whether the alibi was a recent fabrication. In our view, the various and repeated trial errors above discussed destroyed the possibility that the issue of guilt or innocence could be fairly assessed.

■■ Reversal of a conviction is proper when multiple errors combine to affect the verdict although no single error considered by itself would have justified overturning the conviction. (*People v. Hudson* (1972), 7 Ill. App. 3d 333, 338, 287 N.E.2d 297.) We hold that the cumulative effect of the enumerated trial errors was the denial of a fair trial.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded for further proceedings.

SIMON and O'CONNOR, JJ., concur.