(No. 54251.-)

THE PEOPLE *ex rel.* RICHARD M. DALEY, State's Attorney, Petitioner, v. JOHN J. LIMPERIS, Judge, *et al.,* Respondents.

*Opinion filed September 30, 1981.—Rehearing denied*
*November 25, 1981.*

460

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Lawrence T. Krulewich, Michael E. Shabat, and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Sam Adam, of Chicago, for respondent Frank B. Machala.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Assistant Public Defender, of counsel), for respondent Robert Mals.

Edward M. Genson and Jeffrey B. Steinback, of Chicago (Hugh Stevens, of counsel), for respondent Paul Draper.

Onesto, Giglio & Associates, of Chicago (Anthony J. Onesto and Joseph M. Giglio, of counsel), for respondent Douglas Davis.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Pursuant to Supreme Court Rule 381 (73 Ill. 2d R. 381), we allowed the motion of Richard M. Daley, State's Attorney of Cook County (hereafter petitioner), for leave to file an original action for *mandamus.* The petition seeks the issuance of writs of *mandamus* to Judge John J. Limperis, now retired, and Judge Frank B. Machala (hereafter respondents), both of the circuit court of Cook County, directing that they "expunge their orders of October 3, 1980, August 1, 1980, and April 8, 1980, sentencing *** Douglas A. Davis, Robert Mals, and Paul Draper [hereafter defendants], to terms of probation where the stipulated evidence demon-

strated that each defendant had committed a Class X non-probational felony by delivering well over 30 grams of a substance containing cocaine." Petitioner further prays that respondents be required to resentence defendants to terms of imprisonment of between 6 and 30 years as required by statute.

Defendant Douglas Davis was charged in count I of a multicount information with delivery of more than 30 grams of a substance containing cocaine, and in count VI of the same information with conspiracy to deliver a controlled substance. The remaining counts are not pertinent in this action. In a bench trial a police officer testified that defendant Davis delivered to him four plastic bags containing white powder. It was stipulated that these bags were transported to a police laboratory, maintaining a proper chain of custody, that the contents were there analyzed and that a forensic scientist would testify that the bags held 173 grams of a substance containing cocaine. In closing argument defense counsel asserted that defendant Davis was merely a go-between and requested the court to find him guilty of the lesser included offense of delivery of less than 30 grams. The circuit court found defendant guilty of delivery of less than 30 grams, a Class 2 felony, and sentenced him to four years' probation and six months' periodic imprisonment.

Defendant Robert Mals was charged in count I of a two-count information with delivery, on March 13, 1979, of less than 30 grams of a substance containing cocaine, and in count II with delivery, on March 28, 1979, of more than 30 grams. The defendant pleaded guilty to count I. At a bench trial on the second count, a police officer testified that on March 13, 1979, he had purchased approximately two grams of cocaine from defendant. Defendant later introduced the officer to an individual named Charles Hardt, who ultimately delivered to the officer four plastic packets containing a white powder. Defendant Mals was present

when the packets were produced but not at the time they were delivered and paid for. It was stipulated that the packets were submitted to a crime laboratory, maintaining a proper chain of custody, and that the contents were there analyzed by a person who would testify that the bags held approximately 110.6 grams of a substance containing cocaine. Defense counsel argued that defendant Mals did not know the sale upon which count II was based was going to take place and was therefore not guilty. With respect to count II, the trial court found defendant Mals guilty of delivery of less than 30 grams of a substance containing cocaine and sentenced him to 30 months' probation.

Defendant Paul Draper was charged in count I of a three-count indictment with delivery of less than 30 grams of a substance containing cocaine, in count II with delivery of more than 30 grams of a substance containing cocaine, and in count III with possession of less than 30 grams of a substance containing cocaine. At a bench trial, a police officer testified that on July 12, 1978, defendant Draper delivered to him a package containing a white powdery substance which defendant represented to be approximately a half ounce of cocaine. He also testified that on July 19, 1978, defendant Draper delivered to him a bag containing what purported to be approximately 116.5 grams of cocaine. Defendant Draper was then arrested, and an additional quantity of a white powdery substance was discovered in defendant's apartment. The parties stipulated that the substances so acquired were delivered to a crime laboratory, maintaining a proper chain of custody, and that they were examined by a forensic scientist who would testify that the alleged cocaine purchased on July 12, 1978, consisted of 13.8 grams of a substance containing cocaine, that purchased on July 19, 1978—the delivery upon which count II was based—consisted of 111.2 grams of a substance containing cocaine, and that discovered on the premises consisted of 10.9 grams of a substance containing cocaine.

The circuit court found defendant Draper guilty as charged in counts I and III. On count II defendant was found guilty of delivery of less than 30 grams of a substance containing cocaine. He was sentenced to 30 months' probation and ordered to pay a fine of $5,000.

Petitioner contends that *mandamus* is the proper remedy because the respondents were without authority to reduce the charged offenses and impose sentences applicable to lesser crimes. Petitioner argues that "[s]ince each defendant admitted at trial that the quantity of the substance containing cocaine involved in the illegal transaction in which he engaged was over 30 grams, the Respondent judges, upon finding each defendant guilty of illegal delivery, had no alternative but to enter a finding that the defendant was guilty, as charged, of delivery of more than 30 grams of a substance containing cocaine, a non-probationable Class X felony." He asserts that respondents' actions are attempts to circumvent the mandate of the General Assembly regarding the punishment of defendants found guilty of delivery of more than 30 grams of a substance containing cocaine.

Defendants and respondents contend that *mandamus* will not lie for the reason that the respondent judges were vested with discretion to make determinations of fact upon which their judgments were based and that the exercise of such discretion may not be reviewed by *mandamus.* Defendants contend that the convictions on the included offenses served to acquit them of the greater offenses and that further prosecution of the charges, or any attempt to increase the degree of the offenses, violates the double jeopardy clauses of both the Federal and State constitutions. In support of his contentions petitioner cites the legislative declaration of intent contained in the Illinois Controlled Substances Act:

"It is the intent of the General Assembly, recognizing the rising incidence in the abuse of drugs and

other dangerous substances and its resultant damage to the peace, health, and welfare of the citizens of Illinois, to provide a system of control over the distribution and use of controlled substances which will more effectively: *** (3) penalize most heavily the illicit traffickers or profiteers of controlled substances, who propagate and perpetuate the abuse of such substances with reckless disregard for its consumptive consequences upon every element of society; ***.

It is not the intent of the General Assembly to treat the unlawful user or occasional petty distributor of controlled substances with the same severity as the large-scale, unlawful purveyors and traffickers of controlled substances. To this end, guidelines have been provided, along with a wide latitude in sentencing discretion, to enable the sentencing court to order penalties in each case which are appropriate for the purposes of this Act." Ill. Rev. Stat. 1979, ch. 56 1/2, par. 1100.

Under the Act, cocaine is classified as a Schedule II narcotic drug. (Ill. Rev. Stat. 1979, ch. 56 1/2, par. 1206.) Article IV of the Act prescribes the penalties which attach to specified violations. Section 401 provides in part:

"Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this Section with respect to:

(a) the following controlled substances and amounts, notwithstanding any of the provisions of subsections (b), (c), (d), or (e) to the contrary, is guilty of a Class X felony. ***
***

(2) 30 grams or more of any substance containing cocaine;
* * *

(b) any other amount of a controlled substance classified in Schedules I or II which is a narcotic drug

is guilty of a Class 2 felony." Ill. Rev. Stat. 1979, ch. 56½, par. 1401.

A defendant convicted of a Class X felony is required to be sentenced to a term of imprisonment of not less than 6 years nor more than 30 years (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(3)), and cannot be given probation (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3(c)(2)(C)).

We agree with petitioner that *People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, *People ex rel. Hanrahan v. Wilson* (1971), 48 Ill. 2d 30, and *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, leave no question that the sentencing provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1001—1—1 *et seq.*) are mandatory and *mandamus* will lie to compel compliance with them. The situations here, however, are distinguishable in that in those cases the courts did not impose the proper sentences for the offenses of which the defendants were convicted. Here, although each of the defendants was charged with delivery of more than 30 grams of a substance containing cocaine, the respondents, after the presentation of evidence, made no finding of guilty on that charge. In each case the defendant was found guilty of the offense of delivery of less than 30 grams of a substance containing cocaine. It is a well-established principle of our jurisprudence that conviction of a lesser offense operates as an acquittal of a greater offense. (See, *e.g., People v. Gray* (1977), 69 Ill. 2d 44, 51; *People v. Newman* (1935), 360 Ill. 226, 232; *People v. Carrico* (1923), 310 Ill. 543, 545.) Thus, the effect of the judgment in each case was to acquit on the charge of delivery of more than 30 grams of a substance containing cocaine.

Initially, we observe that the 1970 Illinois Constitution prohibits appeals in criminal cases from a judgment of acquittal. (Ill. Const. 1970, art. VI, §6.) The People are precluded from taking an appeal, and we have repeatedly held that *mandamus* may not be employed as a substitute for a direct appeal. (See, *e.g., Lara v. Schneider* (1979), 75

Ill. 2d 63, 64; *People ex rel. Adamowski v. Dougherty* (1960), 19 Ill. 2d 393, 400.) Petitioner contends that this action does not constitute an attempt to appeal from acquittal because the findings and sentences entered by respondents were entered without authority, were therefore invalid, and are a proper subject for *mandamus.* The substance of petitioner's contention is that respondents did not "do that which the law required them to do, enter findings and sentences based upon the evidence before them." Petitioner's assertion is, in other words, that the actions of respondents—which we have determined to be acquittals—are contrary to the evidence. Petitioner may not accomplish by way of *mandamus* that which the Constitution specifically provides may not be done by appeal. Compare *Sanabria v. United States* (1978), 437 U.S. 54, 68-69, 57 L. Ed. 2d 43, 56-57, 98 S. Ct. 2170, 2181.

Responding to respondent's contentions, petitioner, citing *United States v. DiFrancesco* (1980), 449 U.S. 117, 66 L. Ed. 2d 328, 101 S. Ct. 426, contends that the double jeopardy clauses of the Federal and Illinois constitutions (Ill. Const. 1970, art. I, § 10; U.S. Const., amends. V, XIV) are not offended "where there is no threat of successive prosecution," and that no such threat exists in this case because defendants need not be retried. *DiFrancesco* presented the question whether section 3576 of the Organized Crime Control Act of 1970 (18 U.S.C. § 3576), which permits the United States to appeal the sentence imposed upon a "dangerous special offender," violated the double jeopardy clause. Although the Supreme Court held section 3576 to be valid, petitioner reads *DiFrancesco* far too broadly. That case is distinguishable on what is perhaps the most critical fact. DiFrancesco was convicted of the charged offense and the government disputed only his sentence. Defendants here were not convicted of the Class X offenses. The relief sought by the government in *DiFrancesco* differed substantially from that sought by petitioner here. Moreover, petitioner ignores the Supreme Court's

repeated differentiation of sentences and acquittal; indeed, the court's holding turned on the conclusion that "a sentence does not have the qualities of constitutional finality that attend an acquittal." 449 U.S. 117, 134, 66 L. Ed. 2d 328, 344, 101 S. Ct. 426, 436.

Petitioner's contention that the double jeopardy clause will not be offended because no retrial after an acquittal is sought also misses the point of *DiFrancesco*. Citing *Fong Foo v. United States* (1962), 369 U.S. 141, 143, 7 L. Ed. 2d 629, 631, 82 S. Ct. 671, 672, the court was careful to point out in *DiFrancesco* that the double jeopardy clause prohibits further prosecution even where an acquittal is "based upon an egregiously erroneous foundation." (449 U.S. 117, 129, 66 L. Ed. 2d 328, 341, 101 S. Ct. 426, 433.) An acquittal of the sort referred to in *DiFrancesco* is "a resolution, correct or not, of some or all of the factual elements of the offense charged." (*United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651, 97 S. Ct. 1349, 1355; see also *Sanabria v. United States* (1978), 437 U.S. 54, 71, 57 L. Ed. 2d 43, 58, 98 S. Ct. 2170, 2182-83.) Here, petitioner contends in essence that the respondents' actions were contrary to the evidence, which is to say that the respondents resolved at lease some of the factual elements of the charged offenses incorrectly. In asking that we correct the erroneous resolutions arrived at by respondents, petitioner is seeking to retry defendants as surely as would be the case if petitioner sought to compel respondents to preside over new trials. We conclude that issuance of writs of *mandamus* would violate Federal and Illinois constitutional guarantees against double jeopardy.

We do not imply by this decision that we approve of the manner in which respondents dealt with these cases. In view of the stipulations concerning the quantities of the substances delivered we perceive no basis for the findings of deliveries of lesser amounts. Our holding that there is a constitutional impediment to review of these judgments,

which appear to be based upon "an egregiously erroneous foundation," is not to be employed as a device to preclude scrutiny of acquittals intended to circumvent statutory directives. See also *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St. 2d 380, 377 N.E.2d 494.

For the reasons stated the writs of *mandamus* are denied.

*Writs denied.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.