THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL L. JACKSON, Defendant-Appellant.

Third District   No. 3—88—0545

Opinion filed April 17, 1989.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

A jury found the defendant, Paul L. Jackson, guilty of residential burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—3(a)). The trial court sentenced him to the minimum four-year term of imprisonment required by law. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(4).) He appeals, asking this court to reduce the degree of his offense.

The evidence showed that on the evening of June 2, 1986, Gail Scholl discovered that $5 to $6 in change, some cans of soup, and some candy bars were missing from her kitchen cabinet. Upon discovering that the items were missing, she called the police. Crime scene technician Gary Siebenthal responded to the call. Siebenthal was able to lift from the change jar a fingerprint matching the defendant's right ring finger.

The evidence also showed that the defendant lived in an apartment adjacent to the victim's apartment. The defendant testified at trial that he worked for the landlord and had keys to all of the apartments. He claimed that he was working for the landlord on the day in

question and entered the Scholl apartment to complete some work on her toilet. He admitted that while he was in her apartment he took money from a jar.

Gail Scholl testified that her landlord had explained to her that the defendant was his handyman. She noted that the defendant had a key to her apartment and stated that approximately one or two weeks before the items were stolen she had asked the defendant to come into her apartment to fix her toilet. Scholl testified that the defendant did not have permission to be in her apartment at any other time.

Detective John Mingus of the Peoria police department testified that he spoke with the defendant on March 4, 1988, almost a year and a half after the incident. Mingus stated that he asked the defendant about the time he entered the Scholl apartment without permission. Detective Mingus recalled that the defendant told him that he was doing some odd jobs at the apartment complex on the day in question. Mingus stated that the defendant further told him that he became hungry, entered the Scholl apartment, took $5 or $6 in change from a jar in the apartment, and went to a convenience store to buy food.

Following closing arguments, jury instructions were given on the offense of residential burglary, but not on any lesser included offenses of that crime. After the jury returned a guilty verdict, a hearing was held on the defendant's post-trial motion. One of the defendant's allegations in the motion was that he had not understood the concept of lesser included offenses. The defendant's motion was denied.

At the defendant's sentencing hearing, the court noted that the mandatory minimum sentence for residential burglary was four years (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(4)), and that under the laws of Illinois neither a period of probation, nor a term of periodic imprisonment, nor a conditional discharge was an appropriate disposition for the offense (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(c)(2)(G)). The judge then stated that "the court has no choice in pronouncing a sentence in this case other than the penitentiary, and no less than four years. If the law were otherwise, the court would seriously consider some sentence less than that which is required."

On appeal, the defendant asks this court to mitigate his unduly harsh sentence by reducing the degree of his offense from residential burglary to theft. In support of his argument, the defendant contends that the evidence was weak on the element of whether he intended to commit a felony when he entered the apartment. He also notes that the trial court reluctantly imposed the mandatory sentence.

■■ ■ Illinois Supreme Court Rule 615(b)(3) (107 Ill. 2d R. 615(b)(3)) authorizes a reviewing court to reduce the degree of an ap-

pellant's offense. The power granted by Supreme Court Rule 615(b)(3) should be exercised with caution and circumspection, but the fact that such powers have been granted to a reviewing court is indicative of the fact that situations arise where an appellate court must in the interest of the fair and uniform administration of justice exercise the powers granted by the rule; among the relevant factors in assessing whether a reduction of an offense is warranted are whether an evidentiary weakness exists and whether the trial judge expressed dissatisfaction with imposing the mandatory sentence. (*People v. Coleman* (1979), 78 Ill. App. 3d 989, 398 N.E.2d 185.) However, an expression of dissatisfaction by the trial judge regarding the sentence to be imposed will not by itself mandate that the degree of the offense be reduced, and we will not reduce the degree of the offense solely out of merciful benevolence since there must be some evidentiary weakness before a reviewing court will act. *People v. Meadows* (1981), 92 Ill. App. 3d 1028, 416 N.E.2d 404.

■ An analysis of the evidence in the instant case discloses evidentiary weaknesses regarding whether the defendant possessed the requisite intent. In order to sustain a residential burglary conviction, the State must prove that the defendant possessed the intent to commit a theft at the time of his unauthorized entry into the victim's dwelling. (*People v. Morrison* (1983), 114 Ill. App. 3d 828, 449 N.E.2d 859.) In the instant case the evidence revealed that the defendant had periodically done maintenance work at the apartment building. The victim testified that she had asked the defendant to do some work for her on her toilet about a week or two before the crime. Although she stated that the defendant did not have permission to enter her apartment or to take any items, she did not indicate whether the defendant had started working at the time of her request or whether any further work was needed.

The State also elicited testimony from Detective Mingus, who stated that the defendant told him that he was working at the apartment complex and that he became hungry, entered the apartment, looked in the refrigerator and kitchen cabinet, then took $5 or $6, which he used to buy food. However, Mingus admitted on redirect examination that he could not recall whether the defendant had told him that he was doing the work outside or inside the apartment on the day in question.

■ The evidence at issue here is not fatally weak to the State's case, since intent may be proved circumstantially by inferences drawn from the defendant's conduct (*People v. Fisher* (1980), 83 Ill. App. 3d 619, 404 N.E.2d 859), and since the issue of whether the requisite in-

tent existed is a question for the trier of fact (*People v. Morrison* (1983), 114 Ill. App. 3d 828, 449 N.E.2d 859). We note, however, that the evidence is nevertheless weak. Furthermore, the evidentiary weakness is not the result of conflicting accounts of the incident by the State's witnesses on the one side and the defendant on the other. In other words, we are not dealing with a mere issue of credibility. Rather, the State's evidence showed little inconsistency with the defendant's testimony that he formulated the requisite intent after he entered the apartment to perform maintenance work.

Having examined the evidence and evaluated it in light of the trial judge's statement that he would have seriously considered a lighter sentence had it been available, we conclude that this is one of those rare instances which calls for the invoking of Supreme Court Rule 615(b)(3). In reaching this conclusion, we also note that the defendant had no prior criminal record, that he apparently entered the apartment in the afternoon hours when the victim was not home, that he had a key to the apartment, that he took just a small amount of money and food, and that he had been asked by the victim a week prior to the incident to do some maintenance work for her.

The defendant has asked this court to reduce the degree of the offense from residential burglary to theft. However, our power to reduce the degree of an offense is only available when a lesser included offense is involved. (*People v. Pettit* (1983), 114 Ill. App. 3d 876, 449 N.E.2d 1044.) Theft is not a lesser included offense of residential burglary. (*People v. Schmidt* (1988), 126 Ill. 2d 179.) We therefore reduce the degree of the defendant's offense to criminal trespass to a residence (Ill. Rev. Stat. 1987, ch. 38, par. 19—4) and remand the cause for resentencing.

The defendant, in his other issue on appeal, raises certain alleged errors occurring at his trial. Since the defendant did not object to these alleged errors at trial, nor did he raise them in a post-trial motion, we find that he has waived any errors. *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.

Accordingly, we reduce the degree of the defendant's offense to criminal trespass to a residence and remand the cause for resentencing based on that offense. The remainder of the judgment of the circuit court of Peoria County is affirmed.

Reduced and remanded in part; affirmed in part.

STOUDER and BARRY, JJ., concur.