No. 3-06-0819

_____

Filed May 23, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit Peoria County, Illinois |
|     Plaintiff-Appellee, | ) ) | |
|     v. | ) ) | No. 05-CF-437 |
| TED GODFREY, | ) ) | Honorable Scott A. Shore |
|     Defendant-Appellant. | ) | Judge Presiding |

_____

JUSTICE LYTTON delivered the Opinion of the court:
_____

Defendant, Ted Godfrey, was convicted of home invasion (720 ILCS 5/12-11(a)(2) (West 2004)), criminal trespass to a residence (720 ILCS 5/19-4(a)(2) (West 2004)) and domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2004)). The trial court sentenced him to a statutory minimum term of six years imprisonment. On appeal, defendant asks us to (1) reduce his conviction and sentence under Supreme Court Rule 615, and (2) remand the case for additional proceedings on his claim of ineffective assistance of counsel. We affirm.

On April 28, 2005, defendant's ex-girlfriend, Erion Lovingood, invited defendant over to her house after he finished playing basketball. Lovingood had been pregnant with defendant's child, but that day discovered she had miscarried. Defendant finished his basketball game but did not go to Lovingood's house right away.

After waiting several hours for defendant, Lovingood decided that she no longer wanted to see him, so she locked the front door and went upstairs. Around midnight, defendant arrived at Lovingood's home. He saw that the lights were on and her car was in the driveway.

After ringing the doorbell and receiving no response, defendant tried the front door and found it was locked. Defendant then called Lovingood on her cell phone. When Lovingood did not answer her phone, defendant kicked the door three times, breaking it open, and went searching for Lovingood. Defendant found Lovingood talking on the phone in her upstairs bathroom. Defendant became angry, snatched the phone from Lovingood and threw it down the stairs. Defendant and Lovingood then proceeded down the stairs, arguing along the way. Once downstairs, defendant threw another phone and fought with Lovingood. According to Lovingood, defendant pushed her, held her arms and threw something at her. When he became tired of fighting with Lovingood, defendant left.

Lovingood called the police. When police arrived at Lovingood's home, they found damage to the front door, spilled milk on the kitchen floor, blood spatters on the wall and floor and a television turned over on the floor. Police also saw a blood spot on Lovingood's shirt, a pink mark on her arm and a cut on her lip. Defendant testified that the blood on Lovingood's shirt was his.

Defendant was charged with home invasion, criminal trespass to a residence and domestic battery. After a bench trial, he was convicted on all three counts. Prior to sentencing, defendant sent

a letter to the court, claiming that his attorneys were ineffective because they never told him his options or the amount of time he would have to serve if convicted. The trial court found that the letter did not contain sufficient allegations to establish incompetency of counsel.

The trial court sentenced defendant to six years in prison, the mandatory minimum sentence for a conviction of home invasion. See 720 ILCS 5/12-11(c) (West 2004); 730 ILCS 5/5-8(1)(a)(3) (West 2004).

## I.

Defendant asks us to reduce his conviction from home invasion to the lesser included offense of criminal trespass to a residence and then remand for sentencing on the reduced offense. He contends that we have the power and duty to do this under Supreme Court Rule 615.

Rule 615 states, in relevant part, "On appeal the reviewing court may * * * reduce the degree of the offense of which the appellant was convicted * * *." 134 Ill. 2d R. 615(b)(3). Courts using the power granted by this rule must do so with "caution and circumspection" and not "purely out of merciful benevolence." People v. Jones, 286 Ill. App. 3d 777, 783, 676 N.E.2d 1335, 1339-40 (1997).

When a trial court's judgment is tainted by reversible error but a conviction for a lesser included offense would not be, we may employ Rule 615 to remand the case for sentencing on the lesser-included offense. See People v. Davis, 112 Ill. 2d 55, 61, 491

3

N.E.2d 1153, 1156 (1986). However, there is a difference of opinion within the appellate court about whether there must be reversible error to invoke Rule 615. Compare People v. Kick, 216 Ill. App. 3d 787, 793, 576 N.E.2d 395, 399 (1991) (reversible error required); with People v. Plewka, 27 Ill. App. 3d 553, 558-59, 327 N.E.2d 457, 461 (1975) (reversible error not required). We need not reach this issue because even under the more lenient standard applied by appellate courts, the facts in this case do not trigger the application of Rule 615.

Under the more lenient standard, reversible error is not necessary when there is (1) an evidentiary weakness in the State's case, (2) a mandatory minimum sentence that is unsatisfactorily harsh, and (3) a conviction for a lesser-included offense. People v. Jackson, 181 Ill. App. 3d 1048, 1051-52, 537 N.E.2d 1054, 1057 (1989). "Evidentiary weakness" means something that causes the appellate court to have grave concern about the reliability of the guilty verdict. See Jones, 286 Ill. App. 3d at 784, 676 N.E.2d at 1340.

To sustain a conviction for home invasion, the State must prove the following:

"A person * * * commits home invasion when without authority he or she knowingly enters the dwelling of another when he or she knows or has reason to know that one or more persons is present * * * and * * * [i]ntentionally causes any injury * * * to any person or persons within such dwelling place * * *." 720 ILCS 5/12-11 (West 2004).

4

Defendant claims that there were several evidentiary weaknesses in the State's case that justify invocation of Supreme Court Rule 615. First, he argues that there is a factual question regarding whether his presence in Lovingood's home was authorized. We find no evidentiary weakness regarding this element. Lovingood testified that although she invited defendant over to her house earlier that evening, she did not want to see him when he finally came to her home. This is why she locked her door, did not open the door for defendant when he rang her door bell and did not answer her cell phone when defendant called. Based on Lovingood's undisputed testimony, the trial court properly concluded that defendant's presence in the home was unauthorized.

Defendant also claims that his entry was authorized because he entered Lovingood's home out of concern for her safety. He cites case law on the limited authority doctrine, which deals with the limited nature of an invited person's authority to be in a dwelling. See People v. Bush, 157 Ill. 2d 248, 252, 623 N.E.2d 1361, 1364 (1993). The limited authority doctrine applies only after a defendant is invited into or granted access to a dwelling. People v. Priest, 297 Ill. App. 3d 797, 805, 698 N.E.2d 223, 229 (1998). Here, the evidence established that although Lovingood asked defendant to come to her house earlier that evening, she did not invite him into her home or grant him entry into the home when he arrived at midnight. Because defendant entered Lovingood's home by force, the limited authority doctrine does not apply.

Finally, defendant claims that there was insufficient evidence

5

that he injured Lovingood. Lovingood testified that defendant physically injured her by pushing her, holding her arm and throwing something at her. A police officer testified that he saw a mark on Lovingood's arm and a cut on her lip when he arrived on the scene. Defendant testified that he did not hurt Lovingood and that his own wounds accounted for the blood on Lovingood's shirt. The trial court chose to believe the testimony of Lovingood and the police officer over defendant's. This does not create an evidentiary weakness. See Jackson, 171 Ill. App. 3d at 1052, 537 N.E.2d at 1057 (a conviction does not suffer from evidentiary weakness when the trial court finds testimony from a defense witness less credible than consistent testimony from prosecution witnesses).

Since there is no evidentiary weakness, we cannot invoke Rule 615 to reduce defendant's conviction and sentence. See Jackson, 181 Ill. App. 3d at 1051-52, 537 N.E.2d at 1057.

## II.

Defendant also asks us to remand this case so that the trial court may inquire into the adequacy of his trial counsel. He claims that if his attorneys told him that he faced a mandatory six-year prison sentence upon a conviction for home invasion he would have sought a plea deal on the lesser charges.

When a defendant presents a pro se motion alleging ineffective assistance of counsel, the court may dismiss it if the claim is spurious or pertains only to trial tactics. People v. Baltimore, 292 Ill. App. 3d at 165, 685 N.E.2d 627, 631 (1997). If, however, the defendant's allegations of incompetence have merit, the court

6

should appoint new counsel to argue defendant's claim of ineffective assistance. People v. Nitz, 143 Ill. 2d 82, 134-35, 572 N.E.2d 895, 919 (1991).

To sustain an allegation of ineffective assistance, the defendant must present evidence of deficient performance and evidence that if counsel's performance had been adequate the outcome might have been different. See Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674 104 S. Ct. 2052, 65, (1984); People v. Albanese, 104 Ill.2d 504, 525, 473 N.E.2d 1246, 55 (1984).

However, even if defendant's public defender and later his retained counsel did not tell him about the sentence he faced if convicted of home invasion, defendant still has no claim of ineffective assistance because there was no prejudice. See People v. Manning, 227 Ill. 2d 403, 422, 883 N.E.2d 492, 504 (2008). The trial court itself informed defendant that he faced a mandatory six-year prison sentence during one of the last pretrial conferences, and defendant said he understood the court's warning:

> "THE COURT: And Mr. Godfrey, you understand the charges against you and the possible sentences you face if convicted on these charges?
>
> DEFENDANT: Yes.
>
> THE COURT: I want to make sure you do. A Class X felony, the potential penalties of 6 to 30 years in the Department of Corrections. Is the Defendant qualified for extended term?

7

PROSECUTOR: No, Judge.

THE COURT: The period in the Department of Corrections would be followed by 3 years mandatory supervised release. It's not probationable.

* * *

THE COURT: Do you understand the penalties you face?

DEFENDANT: Yes.

* * *

THE COURT: Do you have any questions regarding the charges against you or the possible penalties you face?

DEFENDANT: No."

In light of this exchange, the trial court was correct to conclude that defendant's allegation of ineffective assistance was without merit and to refuse appointing independent counsel to pursue an ineffective assistance claim at the trial level.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

CARTER, J., concurs.

JUSTICE SCHMIDT, specially concurring:

I agree with the majority's decision to affirm the circuit court, but I disagree with its approach to both of defendant's claims of error.

I. Relief Under Supreme Court Rule 615

The problem with the majority opinion is apparent. The

8

majority, citing *People v. Jackson*, 181 Ill. App. 3d 1048, 537 N.E.2d 1054 (1989), holds "since there is no evidentiary weakness, we cannot invoke Rule 615 to reduce defendant's conviction and sentence." Slip op. at 6. This opinion not only fails to provide guidance to practitioners, but also misleads them. The holding clearly implies that had the majority found an evidentiary weakness, it could have invoked Rule 615 to reduce defendant's conviction and sentence in the absence of reversible error. I submit it could not. If multiple errors below are harmless in isolation but are cumulatively prejudicial to a defendant, we can and will grant relief. *People v. Scott*, 108 Ill. App. 3d 607, 615, 439 N.E.2d 130, 136 (1982); *People v. Patterson*, 44 Ill. App. 3d 894, 900, 358 N.E.2d 1164, 1169 (1976). But the *Jackson* standard would have us countermand trial court judgments that were admittedly not erroneous at all.

The majority applies a portion of the standard this court announced in *People v. Jackson*, 181 Ill. App. 3d at 1051-52, 537 N.E.2d at 1057. I believe *Jackson* was wrongly decided and that any analysis under Rule 615(b)(3) must depend on the presence or absence of reversible error. See *People v. Thomas*, 266 Ill. App. 3d 914, 926, 641 N.E.2d 867, 876 (1994); *People v. Rodriguez,* 258 Ill. App. 3d 579, 587, 631 N.E.2d 427, 433 (1994); *People v. Sims*, 245 Ill. App. 3d 221, 225, 614 N.E.2d 893, 896-97 (1993); *People v. Kick*, 216 Ill. App. 3d 787, 793, 576 N.E.2d 395, 399 (1991).

In discussing the *Jackson* standard, the majority omits the

9

fourth element of that standard, which is that the trial court expressed dissatisfaction with imposing the mandatory sentence. Slip op. at 4; *Jackson*, 181 Ill. App. 3d at 1051, 537 N.E.2d at 1056. The majority also ignores defendant's arguments and reliance upon this aspect of the *Jackson* standard.

The *Jackson* line of cases would have us grant relief when, in the opinion of two or more judges, a mandatory minimum sentence imposed below is unduly harsh. *People v. Plewka*, 27 Ill. App. 3d 553, 559, 327 N.E.2d 457, 461 (1975). *Jackson* holds that we have authority to intervene after the trial judge "expresse[s] dissatisfaction" with imposing a mandatory minimum sentence. *Jackson*, 181 Ill. App. 3d at 1051, 537 N.E.2d at 1056. This element of *Jackson* makes it incompatible with our constitution's separation of powers requirement. Ill. Const. 1970, art. II §1. The majority simply ignores both this aspect of *Jackson* and defendant's arguments in reliance on it.

It is well settled that "[t]he legislature has authority to *** establish the nature and extent of criminal penalties, and a court exceeds its authority if it orders a lesser sentence than is mandated by statute, unless 'the [mandated] penalty shocks the conscience of reasonable men.'" *People v. Wade*, 116 Ill. 2d 1, 6, 506 N.E.2d 954, 956 (1987), quoting *People ex rel. Ward v. Salter*, 28 Ill. 2d 612, 615 (1963). Accord *People v. Landers*, 329 Ill. 453, 457, 160 N.E. 836 (1927). We can substitute our judgment for a trial court's when the trial court abuses its discretion in sentencing. 134 Ill 2d R. 615(b)(4); *People v.*

10

*Stacey*, 193 Ill. 2d 203, 211, 737 N.E.2d 626, 630 (2000). But we may not substitute our judgment for the legislature's unless a sentence is constitutionally infirm. *People ex rel. Carey v. Bentivenga*, 83 Ill. 2d 537, 542, 416 N.E.2d 259, 262 (1981) (*mandamus* appropriate if a sentence less than the mandatory minimum is imposed); *Kick*, 216 Ill. App. 3d at 793, 576 N.E.2d at 399.

The sentencing provision of a criminal statute is unconstitutional when it violates the proportionate penalties clause of our constitution. Ill. Const. 1970, art. I, §11. A statute violates the proportionate penalties clause if the punishment is so wholly disproportionate to the offense as to shock the moral sense of the community or if different sentences can be imposed for crimes with identical elements. *People v. Sharpe*, 216 Ill. 2d 481, 487, 839 N.E.2d 492, 498 (2005). Defendant does not argue that the statutory minimum sentence is constitutionally infirm.

The defendant argues on appeal that while the trial court is bound by statutory minimum sentences, the appellate court is not. Surely, in crafting Rule 615, the supreme court did not intend to give the appellate court the discretion to nullify mandatory minimum sentences while disapproving of that practice in trial courts. See *People ex rel. Daley v. Suria*, 112 Ill. 2d 26, 33-34, 490 N.E.2d 1288, 1290-91 (1986); *People ex rel. Daley v. Limperis*, 86 Ill. 2d 459, 468-69, 427 N.E.2d 1212, 1216 (1981). If we read Rule 615(b)(3) to give an appellate court the

11

discretion to ignore statutory minimum sentences, then the rule itself would violate our separation of powers clause. Ill. Const. 1970, art. II, §1. I see nothing in any supreme court case which leads me to believe that the court intends the rule to be read in such a way.

Courts siding with *Jackson* have argued that if we only employed our power to reduce the degree of a conviction in the presence of reversible error, that power would be redundant because of our reversal power. *People v. Jones*, 286 Ill. App. 3d 777, 781-82, 676 N.E.2d 1335, 1338 (1997). This is not so, as the supreme court demonstrated in *People v. Davis*, 112 Ill. 2d 55, 491 N.E.2d 1153 (1986). Larry Davis, recently released from prison, solicited bribes from his former fellow inmates, offering to get them to the top of early release lists. Word of Davis's scheme reached investigators, who set up a sting operation. He was then tried and convicted of theft by deception. To prove this crime, the State must prove that the victim relied on the thief's representations. *Davis*, 112 Ill. 2d at 59-60, 491 N.E.2d at 1154. Trial witnesses testified that the reason they contacted investigators was that they disbelieved Davis's promises. The supreme court reversed Davis's conviction because the State failed to prove the necessary element of the victim's reliance (reversible error), and entered a conviction for attempted theft by deception pursuant to Rule 615(b)(3). *Davis*, 112 Ill. 2d at 63, 491 N.E.2d at 1156-57.

Therefore, the one time our supreme court has granted relief

12

under Rule 615(b)(3), it did so after finding reversible error, without regard to any mandatory minimum sentence, and entered a conviction for a lesser-included offense that was not charged below. *Davis*, 112 Ill. 2d at 63, 491 N.E.2d at 1156-57. Though it did not comment on the *Jackson* line of cases, the *Davis* court's analysis contradicts each element of the *Jackson* standard. *Jackson* is simply not good law.

Accordingly, I would examine defendant's claim for reversible error. He concedes the State proved the elements of home invasion beyond a reasonable doubt. I would, therefore, affirm.

II. Claim of Inadequate Assistance

Defendant's allegation of ineffective assistance of counsel argues that had he been informed he was not eligible for probation, he would have sought a favorable plea deal. As the majority notes, this allegation was contradicted by discussions between defendant and the trial court on the record. But the substance of defendant's allegation also asks us to speculate about what plea negotiations would have taken place between himself and the prosecution, the State's ultimate offer, and his decision to accept or reject it. Our supreme court's recent guidance indicates defendant's allegation is so speculative, we should not entertain it at all. *People v. Bew*, 228 Ill. 2d 122, 135 (2008). Accordingly, that is the basis on which I would affirm the trial court.

13